UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CLIFFORD DENTON,

        Petitioner,

                               CASE NO. 2:09-CV-13581
v.                           JUDGE AVERN COHN
                               MAGISTRATE JUDGE PAUL J. KOMIVES

C. ZYCH,

        Respondent.
                              /

**REPORT AND RECOMMENDATION**

I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

Petitioner James Clifford Denton is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). The procedural background leading to this action is not in dispute. On August 7, 1998, petitioner was sentenced to a term of 72 months' imprisonment and five years' supervised release by the United States District Court for the Western District of Washington following his convictions for conspiracy to manufacture marijuana and conspiracy to engage in money laundering. Petitioner was subsequently charged with escape and, on March 22, 2004, was sentenced to an additional term of 30 months' imprisonment and three years' supervised release by the United States District Court for the District of Oregon. The Bureau of Prisons has calculated petitioner's projected release date as November 16, 2010. While incarcerated at FCI-Taft, petitioner was approved to participate in a Residential Drug Abuse

Program (RDAP). On January 8, 2009, after his transfer to FCI-Milan, petitioner began the RDAP with Cadre 52. He completed Phase 1 of the program and on April 10, 2009, began participating in Phase 2. According to James Tabeling, Psy.D., Coordinator of the RDAP Program at FCI-Milan, two weeks into Phase 2 the specialist running Cadre 52 indicated that petitioner had a pessimistic attitude toward some recovery concepts and was slightly resistant to engaging in recovery. *See* Gov't's Br., Ex. 4, Decl. of James R. Tabeling, ¶ 6 [hereinafter "Tabeling Decl."]. Tabeling spoke to petitioner about these issues on May 10, 2009, at which time petitioner indicated that he was taking a passive observer role. Concluding that petitioner had not fully involved himself in the therapeutic process, Tabeling decided to remove petitioner from Cadre 52 and give him the opportunity to begin the RDAP anew with the next cadre. *See id.*, ¶ 7. On May 18, 2009, Tabeling again met with petitioner at petitioner's request. At that time, according to Tabeling, petitioner again indicated that he was taking the role of passive observer, and was maintaining a focus on others' failures rather than his own. *See id.*, ¶ 8. Some time during the end of May, Tabeling also discussed with petitioner whether petitioner qualified for admission to the RDAP based on the lack of documentation substantiating a substance abuse problem. *See id.*, ¶ 9. On June 2, 2009, Tabeling met with petitioner and informed petitioner of his decision to remove him from the program. Tabeling offered petitioner a non-residential treatment program, but petitioner refused. On June 8, 2009, petitioner was officially removed from the RDAP. *See id.* On June 10, 2009, petitioner provided Tabeling with additional information which allowed Tabeling to locate documentation substantiating petitioner's substance abuse problem. Tabeling met with petitioner and informed him that he would be readmitted to the RDAP and could start anew with Cadre 53. Petitioner initially refused, requesting to be placed back into Cadre 52 so that he could obtain early release and

declining to again complete Phase 1 of the program. *See id.*, ¶ 10. Petitioner eventually agreed to participate in the RDAP with Cadre 53, and commenced Phase 1 on June 18, 2009. *See id.*, ¶ 11. Tabeling characterizes petitioner's participation to date as "less than adequate." *Id.*

On July 1, 2009, petitioner filed a Request for Administrative Remedy with the Warden, requesting to be placed back into Cadre 52. The Request was denied on July 17, 2009. *See* Gov't's Br., Ex. 6. Petitioner then filed a Regional Administrative Remedy Appeal on July 23, 2009, which was denied by the North Central Regional Director on August 4, 2009. *See id.*, Ex. 7. The Government, relying on a computer-generated Administrative Remedy Generalized Retrieval run on October 7, 2009, asserts that petitioner did not file a further appeal with the Central Office for Inmate Appeals. *See id.*, Ex. 8. However, petitioner contends that he did file such an appeal, and attaches to his reply brief a "Receipt-Administrative Remedy" dated October 21, 2009, which shows that the Central Office received an appeal on September 3, 2009, with a response due on October 13, 2009. *See* Pet'r's Reply Br., Ex. 3.

On September 10, 2009, petitioner filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the RDAP statute gave him an expectation of early release based on his successful participation in the RDAP, and that the BOP acted arbitrarily by not allowing him to rejoin Cadre 52 after documentation was received which showed that he was eligible for participation in the RDAP. The Government filed a response on October 22, 2009. The Government argues that the petition should be dismissed based on petitioner's failure to exhaust his administrative remedies, and that petitioner is not entitled to relief on the substance of his claim. The Government contends that regardless of petitioner's eligibility in general for participation in the RDAP, his failure to properly engage in Phase 2 supported his removal from Cadre 52, and that

petitioner had neither a protected liberty interest nor a contractual right to complete the RDAP with Cadre 52 and receive early release based on that participation. Petitioner filed a reply on November 4, 2009. Petitioner asserts that he did file an appeal with the Central Office, but never received a response. With respect to the substance of his claims, petitioner contends that his removal from the program was pretextual, because an evaluation spanning from January 12 through May 11, 2009, shows that he had 100% attendance and his participation was rated "Good" 96.34% of the time and "Fair" 3.66% of the time. *See* Pet'r's Reply Br., Ex. 4.

B.     *Exhaustion*

The Bureau of Prisons maintains an administrative remedy procedure for inmates to challenge any aspect of their confinement, including the computation of their sentences. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. §§ 542.10-.16. It is well established that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Here, there is a factual question as to whether petitioner has exhausted his administrative remedies. Although the Government has provided a computer-generated report showing that no Central Office appeal was filed, petitioner has filed a document purporting to show receipt of such an appeal by the Central Office. Although exhaustion is a prerequisite to relief, it is not jurisdictional and a court may deny an unexhausted § 2241 petition on the merits rather than requiring further exhaustion. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Because there is a factual dispute as to whether petitioner has properly exhausted his administrative remedies, the Court should proceed directly to the merits.

C.     *Analysis*

Pursuant to 18 U.S.C. § 3621, the BOP must provide each prisoner the opportunity to participate in residential substance abuse treatment in his place of confinement. *See* 18 U.S.C. § 3621(b), (e)(1). The statute provides two incentives to prisoners who successfully complete an RDAP. First, the Director has discretion to modify the conditions of the prisoner's confinement. *See* 18 U.S.C. § 3621(e)(2)(A). Second, and at issue here, the statute provides that certain prisoners may be eligible for early release from their sentences. Specifically, the statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the use of "may" indicates, the statute leaves the decision of whether to grant early release to the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Thus, even where a prisoner successfully completes the RDAP, the BOP retains the discretion to deny early release. *See McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir. 1998).

It is well established that a prisoner has no liberty interest protected by the Due Process Clause in discretionary release prior the expiration of his term of imprisonment. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). It is likewise well established that a prisoner has no constitutional right to participate in any prison rehabilitation programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The RDAP statute provides that the BOP must provide a residential drug abuse treatment program, but does not define the contours of that program or requirements for prisoner eligibility. The statute thus leaves these decisions to the BOP's discretion. In light of this fact, and in the absence of any protected liberty interest, petitioner cannot show that he is entitled to habeas relief. As explained by another court, in language directly

applicable here:

> Petitioner's contention that his termination from the RDAP violated his due process rights is meritless. Petitioner has no liberty interest protected by the Due Process Clause in a reduced sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979)(holding "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). The statute itself, 18 U.S.C. § 3621(e), does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction. The notice Petitioner received stating that he was provisionally eligible for, but not entitled to, early release was also insufficient to create a constitutionally-protected liberty interest. *See Royal v. Scibana*, No. 08-6069, 2009 WL 247834 (10th Cir. Feb.3, 2009)("Just as a prisoner does not possess a constitutional right to a reduction of a valid sentence, ..., a prisoner does not possess a constitutional right to retain provisional eligibility for the reduction of a valid sentence.")(omitting citation)(emphasis in original).
>
> Congress mandated in § 3621 that only inmates who successfully completed the RDAP could be considered for "early release" from confinement. Congress did not define the term "successfully," thereby leaving its interpretation to the agency. "In this familiar situation, where Congress has enacted a law that does not answer 'the precise question at issue,' all [a reviewing court] must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez*, 531 U.S. at 242 (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)).
>
> Petitioner contends that because he did not commit an offense that qualified under 28 U.S.C. § 550.53(g)(3) for his immediate removal from the RDAP he could not be removed from the program. Petitioner's contention ignores 28 U.S.C. § 550.53(g)(1) and (2), which provide for the discretionary removal of inmates from the RDAP, generally after a warning, for lack of compliance with the treatment program's behavioral rules and program requirements. When Petitioner was admitted to the RDAP, he signed a contract stating he understood "that a determination of early release for me is provisional, may change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services."
>
> "An agency's interpretation of a statute by formal regulation or adjudication is entitled to deference, so long as the agency's interpretation is based upon a permissible construction of the statute." *Hunnicut v. Hawk*, 229 F.3d 997, 1000 (10th Cir.2000)(quotation and citation omitted). The BOP has reasonably interpreted 18 U.S.C. § 3621(e)'s requirement of "successful" completion of an RDAP to require that inmates follow the program's rules, exhibit positive behavior, and successfully complete all three phases of the RDAP before they receive § 3621(e)'s "early release" sentence reduction. The RDAP Coordinator acted well within his discretion in determining that Petitioner should be expelled from the RDAP due to his repeated

>   misconduct offenses, which continued after he was repeatedly warned that he needed to improve his conduct. Thus, Petitioner is not entitled to habeas relief with respect to his due process claim.

*Reyes v. Ledezma*, No. CIV-09-88-M, 2009 WL 1362602, at *5 (W.D. Okla. May 14, 2009); *see also*, *Ayala v. Phillips*, No. 5:07CV45, 2008 WL 450478, at *3 (N.D. W. Va. Feb. 19, 2009) (decision to remove prisoner from RDAP "falls squarely within the BOP's discretion and is not subject to judicial review.").

Here, BOP officials administering the RDAP determined that petitioner was not sincerely completing the requirements of the program because he had taken a passive observer role and had not actively engaged in the rehabilitative process. This was a decision which was uniquely within the expertise of the prison officials administering the program. And, by virtue of Congress's silence on the matter in enacting § 3621, it was a decision committed to the BOP's discretion.[1] Thus, petitioner cannot show that he was denied an right to which he was entitled by the Constitution or by statute, and the BOP's exercise of its discretion does not provide a basis for habeas relief.

D.   *Conclusion*

In view of the foregoing, the Court should deny petitioner's application for the writ of habeas corpus.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

---

[1] I note that the "arbitrary and capricious" standard of review ordinarily applicable to decisions of administrative agencies under the Administrative Procedures Act (APA) is not implicated, as decisions applying § 3621 are explicitly excepted from coverage under the APA. *See* 18 U.S.C. § 3625. In any event, petitioner cannot show that the decision to remove him from the RDAP was an abuse of discretion. The prison officials involved in administering the program determined, based on petitioner's own statements to them, that petitioner was not sincere in the rehabilitative process but was participating in the RDAP only to obtain early release and to gather information to help in his plan to establish a drug abuse treatment business after his release from prison.

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/21/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 21, 2010.
>
> s/Eddrey Butts
> Case Manager